UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YUFAN LIAO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-03019-GJL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Yufan Liao ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 17 at 1. On August 26, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking declaratory and injunctive relief.[1] Dkt. 1 at 2, 10–11.

Respondents to the Petition include Todd Blanche (Attorney General of the United States), Markwayne Mullin (Secretary of the United States Department of Homeland Security), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), David

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 6.

Venturella (Acting Director of ICE), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").

On August 26, 2026, the Court ordered Respondents to show cause why a writ of habeas corpus should not be granted. Dkt. 3. The Petition has been fully briefed.[2] Dkts. 1, 19.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **DENIES** the Petition (Dkt. 1).

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. Dkt. 1 at 3. On January 3, 2024, Petitioner entered the United States on a B-1/B-2 visa and remained beyond the authorized period. *Id.*; Dkt. 20-2 at 3–4. Upon his entrance, Petitioner timely filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS"), which remains pending. *Id.* Petitioner was later detained on August 13, 2026, as a result of a targeted immigration enforcement operation at the SeaTac International Airport. Dkt. 20-2 at 3–4.

On August 26, 2026, at 11:47 A.M. Pacific Daylight Time, Petitioner filed his Petition, stating he was to be imminently transferred from Washington without adequate notice to counsel. Dkt. 1 at 2. He argued that a transfer "could sever an established attorney-client relationship at the critical moment when counsel must investigate, prepare, and appear at a custody redetermination hearing" and that "[t]he Constitution and 8 U.S.C. § 1362 do not permit the Government to make retained counsel nominal rather than meaningful, and do not allow the [G]overnment to interfere with the right to counsel in this way." *Id.* Accordingly, Petitioner sought:

[2] Petitioner has not filed a traverse, and the deadline to do so has passed. Dkt. 3 ("Any traverse by Petitioner(s) shall be filed no later than September 14, 2026.").

> [A]n order requiring Respondents to keep him at NWIPC, or another facility within the Western District of Washington that affords confidential and timely access to counsel, until his initial bond-redetermination hearing and for a short period necessary to effectuate any release order. In the alternative, before any transfer Respondents should be required to provide advance notice, preserve confidential access, and ensure that counsel may appear remotely at the bond hearing without prejudice.

*Id.* at 2–3.

That same day, on August 26, 2026, at 11:48 A.M. Pacific Daylight Time, Petitioner also filed an Emergency Motion for a Temporary Restraining Order. Dkt. 2. Petitioner sought an order enjoining Respondents from transferring him out of the Western District of Washington or removing him during the pendency of his proceedings. *Id.* at 7.

Shortly thereafter, at 2:34 P.M. Pacific Daylight Time, the Court granted Petitioner's Emergency Motion and, to preserve the *status quo* and prevent imminent harm to Petitioner before the Court could address his habeas petition, prohibited Respondents from removing Petitioner from the United States or transferring Petitioner to another facility outside the Western District of Washington for fourteen days. Dkt. 5 at 1–2.

In response, Respondents filed a Declaration stating that Petitioner had already been transferred from NWIPC to El Paso, Texas at 11:49 A.M. and promising to bring Petitioner "back to NWIPC on the next available ICE Air flight[.]" Dkt. 7 at ¶¶ 3–4. On September 3, 2026, Respondents filed a Status Report and Declaration confirming that "Petitioner is now located at the Northwest ICE Processing Center." Dkt. 17; Dkt. 18 at ¶ 3.

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner brings three claims for relief. Dkt. 1 at 8–10. He alleges: (1) his custody as administered violates the Fifth Amendment's guarantee of fundamentally fair immigration proceedings because his transfer out of the Western District of Washington would interfere with his right to retained counsel; (2) his transfer would violate his statutory and regulatory right to retain counsel; and (3) his transfer before the Court can review his habeas Petition would impair the Court's ability to remedy the challenged interference with counsel. *Id.*

However, on all three claims, Petitioner has failed to demonstrate that a case or controversy exists. For a federal court to have jurisdiction, "[a]n actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* If the case presents a matter that is "capable of repetition, yet evading review" then an "exception applies only where '(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again.'" *Id.* (quoting *Greenpeace Action v. Franklin,* 14 F.3d 1324, 1329 (9th Cir.1993)).

Because Petitioner's habeas Petition seeks relief enjoining his transfer out of the Western District of Washington, his claims have been fully resolved. Dkt. 1 at 2 ("[Petitioner] seeks narrowly tailored declaratory and injunctive relief. … He asks the Court to preserve meaningful access to his retained counsel and to an effective bond hearing while his custody remains within

this District."). Respondents have returned Petitioner to the NWIPC, confirmed that Petitioner is currently located at the NWIPC, and confirmed that Petitioner's immigration proceedings "are again before the Tacoma Immigration Court." Dkt.17; Dkt. 18 at ¶ 3; Dkt. 19 at 2. Petitioner has not tendered any evidence or argument that convinces the Court that this particular matter is one that is capable of repetition, yet evading review.[3] Dkt. 1.

Rather, in each claim, Petitioner only asserts that his rights, including access to counsel, will be violated if he is transferred out of the District. Dkt. 1 at 8–10. Petitioner does not allege and has not shown that Respondents' actions interfere with his access to counsel while he remains at the NWIPC. Dkt. 1. Further, the record does not indicate that Respondents will attempt to transfer him from the District again, will deny him a bond hearing, will deny him access to counsel, or will otherwise violate his rights alleged in his Petition in the future. Dkts. 1, 19.

Accordingly, the Petition is moot, and any speculative deprivation of counsel claim is not yet ripe for consideration. *Kaur v. Hermosillo*, No. 2:26-CV-00891-GJL, 2026 WL 1146077, at *5–6 (W.D. Wash. Apr. 28, 2026).

For the same reasons, the record does not support a finding that would warrant further injunctive relief. The record does not contain sufficient argument or authority to establish that, in all circumstances preceding a future transfer, the Constitution, laws or treaties of the United States would be violated in the absence of the specific procedures Petitioner requests. Dkt. 1 at 10–11.

[3] The Court acknowledges that similar circumstances may present such a case. Here, however, Petitioner has not tendered evidence or argument to that effect. Dkt. 1.

Accordingly, the Court declines to prescribe a comprehensive procedural framework before any potential transfer that Petitioner may face.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Dkt. 1) is **DENIED**.

Dated this 7th day of October, 2026.

Grady J. Leupold
United States Magistrate Judge